C. J. McCORMICK, *et al.*, v. L. H. ROBERTS.

AGENCY—*Evidence—Error, When Material, When Not.* It is error to receive in evidence, over objection, the statements and acts of an alleged agent against his principal, when the only proof of such agency is the mere statement of the agent; but such error becomes immaterial when competent evidence is afterward introduced fully establishing the authority of such agent to act for his principal.

*Error from McPherson District Court.*

THE opinion states the case. Judgment for defendant *Roberts*, at the May Term, 1885. The plaintiff brings the case here.

*H. Whiteside, R. A. Campbell,* and *D. P. Lindsey,* for plaintiffs in error.

*J. L. Pancoast,* for defendant in error.

Opinion by HOLT, C.: This action was brought by plaintiffs in error against defendant in error, to recover on five notes given by the defendant for a harvester and binder. It has been in the supreme court once before, and was reversed. (32 Kas. 69.) Re-trial in the district court, and verdict for defendant; verdict set aside by the court, and still another trial had, at the May term, 1885; verdict for defendant; questions of fact submitted by plaintiffs answered; motions for judgment for plaintiffs on the findings, and for a new trial, overruled;

judgment for defendant.   Plaintiffs bring the case here for review.

The plaintiffs make several assignments of error.   Among others, they allege that the facts set forth in the answer of defendant are not sufficient to constitute a defense to plaintiffs' petition.   This objection is not tenable.   The answer contains a general denial, and also sets up a valid and legal defense to the plaintiffs' petition.   It states that as consideration for the notes set forth in plaintiffs' petition, the plaintiffs sold the defendant a binding harvester, warranted to be made of good material, well constructed and to do good work, and avers that it was not made of good material, that it was not well constructed and would not do good work, was wholly unfit to be used as a binding harvester, and that it did not, after trial by the defendant, do the work it was warranted to do.

Plaintiffs complain of the instructions given, and also of the refusal of instructions asked for by them.   The instructions refused were given in substance in the general instructions of the court, excepting those that were obviously erroneous. The instructions given very fairly presented the law applicable to the evidence introduced in this case.   The plaintiffs complain that the court stated in its general instructions that notice to Duncan, plaintiffs' agent who sold the machine in question to Roberts, that it would not work, was notice to the plaintiffs. This is a correct enunciation of the law under the contract entered into between plaintiffs and defendant at the time of the purchase of the machine.

It is claimed that the court erred in admitting the evidence of the defendant over the objection of the plaintiffs, and also erred in excluding the evidence of plaintiffs offered during the trial.   The plaintiffs sought to introduce in evidence a note given by defendant for wire and repairs on the 6th day of January, 1879.   Plaintiffs claim that the giving of such note at that time, after defendant must have known of the defects, if any, of the machine, was a waiver of such defects and an acceptance of the machine.   There was testimony in-

troduced tending to show that, at the time of the giving of this note, plaintiffs agreed that they could and would make the machine work. It further appears by the evidence that both plaintiffs and defendant treated the machine in question as on trial, in the months of June and July, 1879. If it then did good work, it was to be taken by the defendant and paid for; and if it failed, it was to be turned over to the plaintiffs. Under this testimony, we do not believe that the exclusion of that note in evidence was substantial error.

The defendant, Roberts, was allowed to testify, over the objection of the plaintiffs, to the acts and statements of one Williams, who claimed to him to be an agent of plaintiffs, and who came to repair this machine in the early harvest of 1879; afterward, Mr. Adams, who was selling machines under Duncan, the agent of plaintiffs, testified in regard to the parties who came to Mr. Roberts to fix the machine: "In the year 1879, my recollection is that Mr. Reed was then state agent, and I know that Mr. Reed told me that Williams was his assistant."

We believe that this testimony sufficiently establishes the agency of Williams to admit as evidence the statements made by him to Roberts concerning the machine. We concede the law to be, that an agency cannot be proved by the mere statement of the agent himself against his principal; but in this case, Adams, who had been connected with plaintiffs, although perhaps indirectly, in the sale of their machines, testified to the agency of Williams. He does not state from what source he derived his knowledge that Reed was the state agent of the plaintiffs, nor do the plaintiffs seek to contradict the fact, either of the agency of Reed or of Williams. Williams came to Roberts on business that was properly the business of an agent of plaintiffs. He came because the agents of plaintiffs had been notified by Roberts that the machine did not do good work, and they wished him (Williams) to visit Roberts and fix up the machine in question. We think the error of the court below in allowing Roberts to testify to the acts and

statements of Williams as the agent of plaintiffs becomes immaterial under the further testimony introduced in this case.

We believe this disposes of all the questions raised by the plaintiffs in error, and therefore we recommend that the decision of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.